**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

BRANDON A. FOSTER,

Plaintiff

v.

CAPTAIN PETERS, et al.,

Defendants

Case No.: 3:25-cv-00096-ART-CSD

**Order**

Re: ECF No. 37

Plaintiff has filed a motion requesting a hearing on a discovery dispute. Plaintiff states that he sent a letter to defense counsel on July 27, 2026, requesting discovery and has not received discovery. As such, he wants a discovery hearing. He attaches a letter to Katherine Parks, requesting discovery on his case, including all grievances and responses, all write-ups, request forms, actions portraying the grievance process, and any disciplinary actions and write ups resulting in a 48-hour punishment and/or reclassification, along with bodycam footage regarding any disciplinary and interviewing process. (ECF No. 37.)

When Plaintiff filed this action, he was a pretrial detainee in the Humboldt County Detention Center. The court screened his second amended complaint, and the court allowed him to proceed with the following claims: a procedural due process claim against Sgt. Chapman, Captain Peters, Captain Stark, and Sergeant Camarino; a First Amendment free exercise of religion claim against Sergeant Chapman, Captain Peters, and Deputy Nimmick. (ECF No. 10.)

Defendants Stark, Chapman, and Nimmick have answered and are represented by Katherine Parks, Esq. (ECF No. 14.)

The court held a case management conference on January 30, 2026, and gave Plaintiff an extension of time to serve defendants Peters and Camarino, setting the service deadline for March 27, 2026. (ECF No. 19.) That deadline was extended to August 14, 2026. (ECF No. 26.)

The court issued a scheduling order that day, setting the discovery cutoff deadline for July 27, 2026. (ECF No. 20.) The scheduling order sets forth the parameters of discovery in this action, including mandatory disclosures as well as the procedures for serving written discovery (interrogatories, requests for admission and requests for production).

The scheduling order also specifically discusses the procedure for a discovery dispute. Before any discovery motion is filed, the parties must first undertake a good faith effort to resolve the dispute informally. This requires sending a written communication to the opposing counsel and request to hold a telephonic meet and confer session. Only if this is undertaken, and is unsuccessful, may a discovery motion be filed. Moreover, a discovery motion must include a declaration providing the details and results of the meet and confer conference. (*Id.*)

Plaintiff's motion does not indicate that he attempted to meet and confer with opposing counsel before filing this motion, nor does it contain the required meet and confer declaration. As such, Plaintiff's motion (ECF No. 37) is **DENIED WITHOUT PREJUDICE**. Plaintiff must first meet and confer with opposing counsel before filing a discovery motion.

**IT IS SO ORDERED**.

Dated: August 5, 2026

Craig S. Denney
United States Magistrate Judge